UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

UNITED STATES OF AMERICA                                                                 PLAINTIFF

v.                                                                    CRIMINAL ACTION NO. 4:12CR-25-JHM

ERIC MARKWELL                                                                           DEFENDANT

**MEMORANDUM AND ORDER**

This matter is before the Court on a *pro se* letter filed by Defendant Eric Markwell (DN 54). Defendant was convicted in this Court of being a felon in possession of a handgun in August 2013 and sentenced to 40 months imprisonment and 3 years of supervised release. He states that "there are discrepancies in my time calculation and what is on the record here in the record dept." He states that he was arrested on May 2, 2012, and that "according to what is on record here erroneously is that I was on some type of state sentence until December 12, 2013 at which point is when my federal sentence started being served by me[.]" Defendant states that he has "no state sentence now or then" and that his sentence should run from the date of his arrest on May 2, 2012.

The Court construes Defendant's motion as seeking a change to the calculation of his sentencing credit. Under 18 U.S.C. § 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." Under § 3585(b),

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> (1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

However, this Court lacks jurisdiction to recalculate Defendant's sentencing credit under § 3585(b). *See United States v. Singh*, 52 F. App'x 711, 712 (6th Cir. 2002). The Attorney General, through the Bureau of Prisons (BOP), is in charge of determining sentencing credit. *See United States v. Westmoreland*, 974 F.2d 736, 737 (6th Cir. 1992). "A district court may review the BOP's calculation, but may not compute sentencing credit in the first instance, for it is the Attorney General [through the BOP], not the court, who has the authority to calculate sentence credits for time served before sentencing." *United States v. Singh*, 52 F. App'x at 712 (citing *United States v. Wilson*, 503 U.S. 329, 333 (1992); *McClain v. Bureau of Prisons*, 9 F.3d 503, 504 (6th Cir. 1993) (per curiam)). "Although a prisoner may seek judicial review of the computation of this credit under 28 U.S.C. § 2241, he may do so only after he has sought administrative review and has exhausted all of his administrative remedies." *United States v. Dowell*, 16 F. App'x 415, 420 (6th Cir. 2001). A § 2241 action must be brought in the district where the Petitioner is incarcerated. *United States v. Barrett*, 178 F.3d 34, 50 n.10 (1st Cir. 1999); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). Here, Defendant does not indicate that he has exhausted his administrative remedies with the BOP. Nor did he properly seek review through a § 2241 action. Accordingly,

**IT IS ORDERED** that Defendant's motion to recalculate his sentencing credit (DN 54) is **DENIED**.

Should Defendant wish to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, the Clerk of Court is **DIRECTED** to send him a packet for filing such an action.

Date:  March 12, 2015

                                              **Joseph H. McKinley, Jr., Chief Judge**
                                                  **United States District Court**

cc:    Defendant, *pro se*
       U.S. Attorney
4414.010